UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC,<br><br>                          Debtor,<br><br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>0817726 BC, LTD., et al,<br><br>                          Defendants. | NO:  CV-12-483-RMP<br><br>Bankr. Case No. 09-06194-PCW11<br><br>Adv. Proc. No. 11-80297<br><br>DEFAULT JUDGMENT |

THIS MATTER came on consideration upon the Motion of Plaintiff for Entry of Default and Judgment against Defendants Frank and Diane Grande, and it appearing from the file and records of this Court in this cause that the default judgment (Bkcy. Dkt. No. 146) entered by the Bankruptcy Court should be deemed

DEFAULT JUDGMENT ~ 1

proposed findings of fact and conclusions of law, and that entering final default judgment in conformity with the default judgment entered by the Bankruptcy Court is appropriate,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Plaintiff, Bruce P. Kriegman, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC, shall have a judgment against the Defendants Frank and Diane Grande as follows:

1. Monetary Judgment in the amount of CAD $83,833.24 pursuant to 11 U.S.C. § 550 and RCW 19.40.071;

2. Transfers in the amount of CAD $77,999.93 made to Defendants Frank and Diane Grande within four years prior to the Petition Filing Date are hereby avoided and Plaintiff may take all necessary action to preserve the same, pursuant to 11 U.S.C. §§ 544, 550, 551 and 548(a) and (b) and RCW 19.40.041(1) and (2) and RCW 19.40.071;

3. Transfers in the amount of CAD $5,833.31 made to Defendants Frank and Diane Grande more than four years prior to the Petition Filing Date are hereby avoided and Plaintiff may take all necessary action to preserve the same, pursuant to 11 U.S.C. §§ 544, 550 and 551 and RCW 19.40.041(1) and 19.40.071;

/ / /

/ / /

DEFAULT JUDGMENT ~ 2

4. All said transfers to Defendants Frank and Diane Grande are hereby set aside and Plaintiff shall be entitled to recover the same, or the value thereof, from Defendants Frank and Diane Grande for the benefit of the estate of LLS America, pursuant to 11 U.S.C. §§ 544, 550 and 551;

5. All proofs of claim of the Defendants Frank and Diane Grande which have been filed or brought or which may hereafter be filed or brought by, on behalf of, or for the benefit of any of the Defendants Frank and Diane Grande or their affiliated entities, against the Debtor's estate, in this bankruptcy or related bankruptcy proceedings, are hereby disallowed and subordinated to the monetary judgment granted herein and Defendants Frank and Diane Grande shall not be entitled to collect on their proof of claim (Claim No. 245-1) until the monetary judgment is satisfied by Defendants Frank and Diane Grande in full, pursuant to 11 U.S.C. §§ 502(d), 510(c)(1) and 105(a);

6. A constructive trust is hereby established over the proceeds of all transfers in favor of the Trustee for the benefit of the estate of LLS America; and

7. Plaintiff is hereby awarded costs (i.e. filing fees) in the amount of $250.00 USD, for a total judgment of CAD $83,833.24 plus $250.00 USD, which shall bear interest equal to the weekly average of one-year constant maturity (nominal)

/ / /

/ / /

DEFAULT JUDGMENT ~ 3

1 treasury yield as published by the Federal Reserve System.

2     The District Court Clerk is directed to enter this Order, enter judgment as

3 outlined above, and provide copies to counsel and to Judge Patricia Williams.

4     DATED this 31st day of October 2012.

                            *s/ Rosanna Malouf Peterson*
                            ROSANNA MALOUF PETERSON
                            Chief United States District Court Judge

DEFAULT JUDGMENT ~ 4