1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF WASHINGTON

7   In re:                              NO: CV-12-483-RMP

8       LLS AMERICA, LLC,               Bankruptcy No: 09-06194-PCW11

9                       Debtor.         Adversary No: 11-80297

10  ─────────────────────────────       ORDER GRANTING MOTION FOR
                                        DEFAULT AND JUDGMENT
11  BRUCE P. KRIEGMAN, solely in his
    capacity as court-appointed Chapter 11
    Trustee for LLS America LLC,
12
                        Plaintiff,
13  vs.

14  0817726 BC, LTD., et al.,

15                      Defendants.

16          Before the Court is bankruptcy trustee Bruce P. Kriegman's Motion for

17  Entry of Default and Judgment as to Defendant Ramon Burron, ECF No. 11.  The

18  Court has reviewed the motion, its attachments, the Court's file, and the

19  Bankruptcy Court's file for the adversary action 11-80297-PCW11.

20          This case arose as an adversary action as part of the bankruptcy of LLS

    ORDER GRANTING MOTION FOR DEFAULT AND JUDGMENT ~ 1

America, LLC.  This Court withdrew the reference to this action, set a trial date,

and referred the matter back to the Bankruptcy Court for that court to address

pretrial matters.[1]  The Bankruptcy Court entered orders granting the Bankruptcy

Trustee's motions for default and for default judgment.  The trustee now moves

this Court for entry of default and default judgment.

　　　　"When a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 54(a).  "If the

plaintiff's claim is for a sum certain or a sum that can be made certain by

computation, the clerk—on the plaintiff's request, with an affidavit showing the

---

　　　[1]The above-captioned action, CV-12-483-RMP, and CV-11-360-RMP both

arise from the bankruptcy adversary action 11-80297-PCW11.  The Court entered

an order withdrawing the reference to 11-80297-PCW11 in CV-11-360-RMP.  The

Court clarified in CV-11-360-RMP that withdrawal of the reference extended to

the entire adversary action and not just the parties seeking withdrawal.

Accordingly, this action has been withdrawn, trial has been set, and the matter has

been referred back to the Bankruptcy Court for disposition of pretrial matters as

expressed in the Court's orders in CV-11-360-RMP.  An order of consolidation is

forthcoming.

ORDER GRANTING MOTION FOR DEFAULT AND JUDGMENT ~ 2

amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing."  Fed. R. Civ. P. 54(b).

Pursuant to the Court's order on motion for withdrawal of reference, this Court will treat the Bankruptcy Court's orders entering default and default judgment as proposed findings of fact and conclusions of law.  The instant motion was filed on September 4, 2012.   Defendant Ramon Burron has filed no objection. After a review of the record before this Court and the bankruptcy court, the Court concludes that default is appropriate and default judgment shall be entered.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The trustee's Motion for Entry of Default and Judgment, **ECF No. 11**, is **GRANTED**.

2.  Defendant Ramon Burron is in default, and default of said Defendant is hereby entered.

3.  The Court will enter default judgment by separate order.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel and to Judge Patricia Williams.

**DATED** this 31st day of October 2012.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING MOTION FOR DEFAULT AND JUDGMENT ~ 3